**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:                                                                    BKY No. 14-60254
                                                                                    Chapter 7
Julie K. Klaphake,

                    Debtor.

_____

Dean A. Mielke,
                                                                            Adv. No.:  14-____
                    Plaintiff,

vs.                                                            **ADVERSARY COMPLAINT**

Erik Ahlgren, Trustee,

                    Defendant.

_____


        Plaintiff Dean A. Mielke ("**Plaintiff**") for his Complaint against Defendant Erik Ahlgren,

Trustee ("**Trustee**"), states and alleges as follows:

        1.      Plaintiff is a Minnesota resident who offices at 310 Blattner Drive, Avon, MN

56310.

        2.      Debtor Julie K. Klaphake ("**Debtor**") is Plaintiff's former spouse.  Plaintiff and

the Debtor were divorced pursuant to a judgment and decree of dissolution, entered respectively

on August 5, 2002 and May 12, 2004 (Stearns County Court File F5-00-3338) (the "**Divorce**").

        3.      Debtor commenced this Chapter 7 case on April 25, 2014 and the Trustee is the

duly-appointed Chapter 7 panel trustee of Debtor's case.

        4.      This adversary proceeding is a core proceeding under 28 U.S.C. §157.

        5.      This Complaint is brought under Bankruptcy Rule 7001(9), and this action arises

under 11 U.S.C. §541 and 28 U.S.C. §2201(a).  This Court has jurisdiction over this adversary

proceeding, and this adversary proceeding is authorized under 28 U.S.C. §§157 and 1334, Bankruptcy Rule 7001, and Local Rule 1070-1.

6.      Plaintiff is in the business of operating gasoline service stations and entered the business with the support and guidance of his father.  The first two stations that he operated were located at 406 S. Second Avenue East, Melrose, MN 56352 and 457 Main Street South, Browerville, MN 53648 (collectively, the "**Stations**").[1]  The Stations have sentimental and business value to Plaintiff.

7.      As a result of the Divorce, Plaintiff and the Debtor were required to divide their assets and Debtor was awarded the Stations.  However, Plaintiff was awarded by court order a right of first refusal ("**ROFR**") as to the Stations if either were ever sold by the Debtor.  The ROFR is memorialized in Stearns County court orders (Exhibit A hereto) and the actual deeds conveying the Stations to Debtor (Exhibit B hereto).

8.      More specifically, each ROFR states:

In the event a bona fide written offer to purchase the property is received by Julie K. Klaphake from a third party, Dean A. Mielke shall have the right to match said offer and purchase the property on the same terms and conditions contained therein.  Said right of first refusal shall be exercised in a reasonable time and shall be considered waived if not exercised within sixty (60) days of receipt of written notice of said purchase offer by Dean A. Mielke from Julie K. Klaphake.  Said right of first refusal shall not apply to property transferred by Julie K. Klaphake to a business entity in which she holds or retains 100% ownership.

9.      The Trustee has received a bona fide offer to purchase the Stations from a buyer for the sum of $1.5 million dollars.

10.      Plaintiff has offered to match the bona fide offer received by the Trustee in exercise of his ROFR as to the Stations and the Trustee has refused to honor the ROFR indicating instead that he intends to notice a sale for $1.5 million dollars.

---

[1] The Stations are known as Total Express of Melrose, Inc. and Total Express of Browerville, Inc.

11.     Counsel for the Trustee indicated on June 5, 2014 that the Trustee did not intend to honor the ROFR as to the $1.5 million offer received by the Trustee for the Stations.

12.     The Trustee stands in the shoes of the Debtor and holds an interest in the Stations pursuant to 11 U.S.C. §541, with all of the same rights held by, and restrictions placed upon, the Debtor.

13.     The Trustee's rights and powers are limited to those held by the Debtor at the commencement of the case.

14.     Plaintiff's rights as to the Stations pursuant to his ROFR, are not executory in nature and cannot be rejected by the Trustee.

### COUNT I: DECLARATORY JUDGMENT

15.     Plaintiff restates and realleges the above paragraphs.

16.     The Trustee holds an interest in the Stations subject to Plaintiff's ROFR.

17.     The Trustee has received a bona fide offer to purchase the Stations for the sum of $1.5 million dollars.

18.     Pursuant to the ROFR placed on each station, by way of deed and court order, Plaintiff is entitled to exercise his right to match the $1.5 million dollars offer received by the Trustee and to purchase the Stations for the sum of $1.5 million dollars.

19.     As to each Station, the ROFR runs with the land.

20.     Plaintiff has properly expressed his desire and intent to exercise his rights as to the Stations.

21.     Plaintiff is entitled to a declatory judgment determining the ROFR on each of the Stations is valid, and not executory in nature subject to rejection by the Trustee, and that Plaintiff is entitled to purchase the Stations from the bankruptcy estate for the sum of $1.5 million dollars.

**COUNT II – INJUNCTIVE RELIEF**

22.     Plaintiff restates and realleges the above paragraphs.

23.     Plaintiff has a unique property interest in the Stations and could not be made whole by money damages if the Trustee were to transfer or otherwise dispose of the Stations.

24.     Plaintiff is entitled to relief of this Court pursuant to 11 U.S.C. §105 and Fed. R. Civ. P. 65 (incorporated into this proceeding by Bank. Rule 7065) enjoining the Trustee from disposing of the Stations until such time as the issues addressed in this Complaint are resolved.

25.     The Trustee requests that the Court issue a preliminary, and then permanent, injunction barring the Trustee from administering the Stations by way of sale or other transfer to parties other than Plaintiff.

WHEREFORE, Plaintiff seeks this Court's order for the following:

1.     Determining that the interest held by the Trustee in the Stations is subject to Plaintiff's right of first refusal;

2.     Determining that Plaintiff's rights are not executory in nature and not subject to rejection by the Trustee;

3.     Determining that Plaintiff has properly given notice of his intention to exercise his right of first refusal as to each of the Stations;

4.     Determining that the Trustee has received a bona fide offer to purchase the Stations for the sum of $1.5 million dollars and determining that that Trustee must first offer for sale the Stations to Plaintiff for that price;

5.     Granting injunctive relief as is appropriate and necessary; and,

6.     For such other relief as the Court deems just and equitable.

{00174743.1 }                                      4

**LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.**

Dated: June 10, 2014                    By        /e/  Matthew R. Burton
    Matthew R. Burton, #210018
    100 South Fifth Street, Suite 2500
    Minneapolis, Minnesota  55402-1216
    (612) 332-1030
    mburton@losgs.com
Attorneys for Dean A. Mielke

STATE OF MINNESOTA                          IN DISTRICT COURT

COUNTY OF STEARNS                           SEVENTH JUDICIAL DISTRICT

--------------------------------------------------------------

✗ JULIE KAY MIELKE,
                                            Court File No: F5-00-3338
        Petitioner,
                                            **AMENDED**
vs.                                         **SUMMARY REAL ESTATE**
                                            **DISPOSITION JUDGMENT**
DEAN ALAN MIELKE,

        Respondent.

--------------------------------------------------------------

Check here if part or all of the land herein is Torrens ___

Date of Parties' marriage:  June 25, 1983

Date of entry of Judgment and Decree of Dissolution:  August 5, 2002, May 12, 2004

Name(s) of Petitioner's Attorney(s): John T. Lund, 13 South Seventh Avenue, St. Cloud, MN 56301

Name(s) of Respondent's Attorney(s): Carol Klaphake, 1010 West St. Germain Street, Suite 600, St. Cloud, Minnesota 56301

OR  Check here if parties appeared pro se: ___ Petitioner ___ Respondent

Name of Judge who signed Order for Judgment and Decree:  Paul Widick

Name of Referee, if any, who signed Order for Judgment and Decree:

The Judgment and Decree resulted from (check one):

        ___ Stipulation ___ Default with No Appearance _X_ Trial

Appearances at the Default or Trial: Petitioner and Kay Snyder, 803 West St. Germain Street, St. Cloud, Minnesota 56301; and Respondent and Carol Klaphake, 1010 West St. Germain Street, Suite 600, St. Cloud, Minnesota 56301

Name change of parties in Judgment and Decree: (if none check here _X_ )



Petitioner from _____ to _____

Respondent from _____ to _____

THE FOLLOWING ARE THE REAL ESTATE DISPOSITIONS IN THE JUDGMENT AND DECREE:

Legal Description:                          Certificate of Title No. _____
                                            (if land is torrens)
Todd County, Minnesota

      Lots One (1) and Three (3) and the North 2 feet and South 23 feet of Lot Two (2), Block
      Twelve, original Townsite of the Village, now City, of Browerville, Minnesota.

Names of persons awarded an interest in the above real estate:   Julie Kay Mielke, a/k/a Julie K.
Mielke, n/k/a Julie K. Klaphake

Interest awarded:  Sole title in fee simple.

Liens, mortgages, encumbrances or other interests in the above real estate created by the
Judgment and Decree (include name of persons to whom awarded and interest awarded):

None

Triggering or contingent events set forth in the Judgment and Decree affecting the disposition of
the above real estate:

In the event a bona fide written offer to purchase the property is received by the Petitioner from a
third party, the Respondent shall have the right to match said offer and purchase the property on
the same terms and conditions contained therein.  Said right of first refusal shall be exercised in a
reasonable time and shall be considered waived if not exercised within 60 days of the receipt of
written notice of said purchase offer by the Respondent from the Petitioner.  Said right of first
refusal shall not apply to property transferred by the Petitioner to a business entity in which
Petitioner holds or retains 100% ownership."

Approval of Summary Real Estate Disposition Judgment:

BY THE COURT:

_____
HONORABLE PAUL WIDICK
Judge of the District Court

(space for Approval Stamp        DISTRICT COURT        Date: _10/17_
of Referee, if any)              STEARNS COUNTY, MN
                                 FILED

                                 OCT 20 2004    2

                                 BY: _____
                                              DEPUTY

STATE OF MINNESOTA
COUNTY OF STEARNS
I hereby certify that I have compared the foregoing
papers with the original recorded in my office,
consisting of _three (3)_ pages, and
that it is a true and correct copy of said original.

Dated: _10-25-04_

                                 Court Administrator
By: _____ Deputy

Date: 10/20/04 _____, 2004.

COURT ADMINISTRATOR

Greg Solien

By: _____
Deputy

## OFFICE OF COUNTY RECORDER
## TODD COUNTY MINNESOTA

I hereby certify that
this instrument # ___430310___
was filed/recorded in this office
for record on the _25_ day of
_October_ 2004 at _3_ am/pm
Cheryl Perish, County Recorder
by: _____ Chief Deputy
_19.50_ recording fee
_____ well certificate
_____ deed tax/mtg reg tax

Klaphake - 34342 Peach Drive Albany

## OFFICE OF COUNTY AUDITOR/TREASURER
## TODD COUNTY MINNESOTA

_✓_ No delinquent taxes
_✓_ Transfer entered
Certificate of Real Estate Value ( ) filed (✓) not required.
Certificate of Real Estate Value No. _____

Date ___10 — 25 — 04___

County Auditor/Treasurer _Karen Bush_

Deputy Auditor/Treasurer _____

3

**1 1 4 5 5 3 8**

05 MAR -4  PM 3: 46

COUNTY RECORDER
STEARNS COUNTY, MN
DIANE GRUNDHOEFER

BY_____ DEPUTY

NO DELINQUENT TAXES AND
TRANSFER ENTERED

DATE _____3/4/05_____

AUDITOR _____

DEPUTY _____

STATE OF MINNESOTA

COUNTY OF STEARNS

IN DISTRICT COURT

SEVENTH JUDICIAL DISTRICT

IN RE: The Marriage Of:

CASE TYPE: (4) - DISSOLUTION
WITH CHILDREN

Julie Kay Mielke,
n/k/a Julie Kay Klaphake,

COURT FILE NO. F5-00-3338

Petitioner,

-and-

**SUMMARY REAL ESTATE
DISPOSITION JUDGMENT (#2)**

Dean Alan Mielke,

Respondent.

Check here if part or all of the land herein is Torrens: _____

Date of parties' marriage: June 25, 1983

Date of entry of Judgment and Decree of Dissolution: February 15, 2002, August 5, 2002, May 12, 2004

Name of Petitioner's attorney: John T. Lund

Name of Respondent's attorney: Carol M. Klaphake

Name of Judge who signed Order for Judgment and Decree: Honorable Paul Widick

The Judgment and Decree resulted from: Trial.

Appearances at the default or trial: Both parties and their respective attorneys.

There was no name change of the parties in the Judgment and Decree.

Gray Plant Mooty

SCR __1__ of __3__   66.37012.001

**THE FOLLOWING ARE THE REAL ESTATE DISPOSITIONS IN THE JUDGMENT AND DECREE:**

Legal Description:                                    Certificate of Title No. _____
                                                      (if land is Torrens)

    <u>Stearns</u> County, Minnesota

    Lot 1, Block One and the West 84 feet of Lot 2, Block One, of Mielke Addition, according to the recorded plat thereof on file and of record in the Office of the County Recorder, Stearns County, Minnesota.

    Said property subject to easements of record.

Names of persons awarded an
interest in the above real estate:                    Interest Awarded:

    Julie Kay Klaphake, f/k/a                          Fee Simple Title
    Julie Kay Mielke

Liens, mortgages, encumbrances, or other interests in the above real estate created by the Judgment and Decree:

    None.

Triggering or contingent events set forth in the Judgment and Decree affecting the disposition of the above parcel of real estate:

    In the event a bona fide written offer to purchase the property is received by Julie K. Klaphake from a third party, Dean A. Mielke shall have the right to match said offer and purchase the property on the same terms and conditions contained therein. Said right of first refusal shall be exercised in a reasonable time and shall be considered waived if not exercised within sixty (60) days of the receipt of written notice of said purchase offer by Dean A. Mielke from Julie K. Klaphake. Said right of first refusal shall not apply to property transferred by Julie K. Klaphake to a business entity in which Julie K. Klaphake holds or retains 100% ownership, but shall remain in full force and effect.

    Approval of Summary Real Estate Disposition Judgment:

BY THE COURT:

Dated: _2/2 4/05_

_____
Honorable Paul Widick
Judge of District Court

DISTRICT COURT
STEARNS COUNTY, MN
FILED

FEB 2 4 2005
Dated:

BY: _____
DEPUTY

::ODMA\PCDOCS\GPDOCS1\168145\1

COURT ADMINISTRATOR

Deputy

SCR __2__ of __3__

APPROVED AS TO FORM AND CONTENT:

John T. Lund

Carol M. Klaphake

SCR 3 of 3

QUIT CLAIM DEED
Individual(s) to Individual(s)

Form No. 27-M
(Top 3 Inches Reserved for Recording Data)

Minnesota Uniform
Conveyancing Blanks (1/15/97)

DEED TAX DUE: $ __NONE - Exempt (M.S.A. Sec. 287.22 (N))__
Date: _____

FOR VALUABLE CONSIDERATION,   Dean Alan Mielke, an unmarried person

hereby convey(s) and quitclaim(s) to   Julie Kay Klaphake, formerly known as Julie Kay Mielke                 , Grantor(s),
(marital status)

real property in  Todd _____ County, Minnesota, described as follows:          , Grantee(s),

Lots One (1), Two (2) and Three (3), Block Twelve (12), Town of Browerville, according to the plat and survey thereof, now on file
and of record in the office of the County Recorder in and for Todd County, Minnesota.

Parcel No. 30-0017300; 30-0017400; and 30-0017500

This deed is given according to the terms of a decree of dissolution of marriage decree, State of Minnesota, County of Stearns,
Court File #F5-00-3338. See reservation attached as addendum.

together with all hereditaments and appurtenances.

Check box if applicable:
☐ The Seller certifies that the Seller does not know of any wells on the described real property.
☐ A well disclosure certificate accompanies this document.
☐ I am familiar with the property described in this instrument and I certify that the status and number of wells on the described real
   property have not changed since the last previously filed well disclosure certificate.

_____
DEAN ALAN MIELKE

Affix Deed Tax Stamp Here

_____

_____

STATE OF MINNESOTA

COUNTY OF  STEARNS _____  } ss.

This instrument was acknowledged before me on    _April 12, 2005_____ , by
Dean Alan Mielke                                             (Date)

_____ , Grantor(s).

NOTARI____

EMBER LEIGH TAMM
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2009

_____
SIGNATURE OF NOTARY PUBLIC OR OTHER OFFICIAL

THIS INSTRUMENT WAS DRAFTED BY (NAME & ADDRESS):

LUND KAIN & SCOTT P.A.
13 South Seventh Avenue
Saint Cloud MN 56301

Check here if part or all of the land is Registered (Torrens) ☐

Tax Statements for the real property described in this instrument
should be sent to (include name and address of Grantee):

Julie Kay Klaphake
34392 Peach Drive
Albany MN 56307

Well Certificate Received_____

Well Certificate not Required ✓

EXHIBIT
B
tabbies®

**OFFICE OF COUNTY AUDITOR/TREASURER
TODD COUNTY MINNESOTA**

_____✓_____No delinquent taxes
_____✓_____Transfer entered
Certificate of Real Estate Value ( ) filed (✓) not required.
Certificate of Real Estate Value No. _____

Date____4-18-05____

_____Karen Busch_____
County Auditor/Treasurer

_____
Deputy Auditor/Treasurer

**OFFICE OF COUNTY RECORDER
TODD COUNTY MINNESOTA**

I hereby certify that
this instrument # **433659**
was filed/recorded in this office
for record on the _18th_ day of
_April_____2005 at _2_ am/pm
Cheryl Perish, County Recorder
by:_____, Chief_Deputy
_29.50_ recording fee
_____ well certificate
___-___ deed tax/mtg reg tax

Wullenbring etal

## ADDENDUM TO DEED

In the event a bona fide written offer to purchase the property is received by Julie K. Klaphake from a third party, Dean A. Mielke shall have the right to match said offer and purchase the property on the same terms and conditions contained therein. Said right of first refusal shall be exercised in a reasonable time and shall be considered waived if not exercised within sixty (60) days of the receipt of written notice of said purchase offer by Dean A. Mielke from Julie K. Klaphake. Said right of first refusal shall not apply to property transferred by Julie K. Klaphake to a business entity in which she holds or retains 100% ownership.

Date _____

*Randy R Schriefel*
County Auditor

By *Brenda Stanger* Deputy

1144419

05 FEB 24 AM 8:28

COUNTY RECORDER
STEARNS COUNTY, MN
DIANE GRUNSHOEFER

BY _____DCM_____ DEPUTY

66.37012.001

WARRANTY DEED
Corporation, Partnership or
Limited Liability Company to Individual(s)          Form No. 7-M

(Top 3 inches Reserved for Recording Data)

Minnesota Uniform
Conveyancing Blanks (6/17/97)

DEED TAX DUE: $ _____ 1.65 _____
Date: _____ February 23, 2005 _____
FOR VALUABLE CONSIDERATION,  Petro Plus, Inc.

a corporation

Grantor, hereby conveys and warrants to  Julie K. Klaphake   under the laws of   the State of Minnesota

real property in  Stearns   County, Minnesota, described as follows: _____, Grantee,

Lot 1, Block One and the West 84 feet of Lot 2, Block One, of Mielke Addition, according to the recorded plat thereof on file and of record in the Office of the County Recorder, Stearns County, Minnesota.

Said property subject to easements of record.
the total consideration for this transaction is $500.00 or less.

together with all hereditaments and appurtenances belonging thereto, subject to the following exceptions:

Check box if applicable:
☐ The Seller certifies that the Seller does not know of any wells on the described real property.
☐ A well disclosure certificate accompanies this document.
☒ I am familiar with the property described in this instrument and I certify that the status and number of wells on the described real property have not changed since the last previously filed well disclosure certificate.

Affix Deed Tax Stamp Here

By *Julie K. Klaphake*
Its  President

By _____
Its _____

STATE OF MINNESOTA
COUNTY OF STEARNS  } ss.

This instrument was acknowledged before me on  2-23-05

by  Julie K. Klaphake
the  President   and _____
of  Petro Plus, Inc.   and _____
under the laws of  Minnesota  , a  corporation, on behalf of the corporation

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)

JOHN T. LUND
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2010

THIS INSTRUMENT WAS DRAFTED BY: (NAME AND ADDRESS)

LUND KAIN & SCOTT P.A.
13 South Seventh Avenue
Saint Cloud, MN 56301

*SIGNATURE OF NOTARY PUBLIC OR OTHER OFFICIAL*

Check here if part or all of the land is Registered (Torrens) ☐

Tax Statements for the real property described in this instrument should be sent to (Include name and address of Grantee):

Julie Kay Klaphake
34392 Peach Drive
Albany, MN 56307

SCR ___1___ of ___2___

## ADDENDUM TO DEED

In the event a bona fide written offer to purchase the property is received by Julie K. Klaphake from a third party, Dean A. Mielke shall have the right to match said offer and purchase the property on the same terms and conditions contained therein. Said right of first refusal shall be exercised in a reasonable time and shall be considered waived if not exercised within sixty (60) days of the receipt of written notice of said purchase offer by Dean A. Mielke from Julie K. Klaphake. Said right of first refusal shall not apply to property transferred by Julie K. Klaphake to a business entity in which she holds or retains 100% ownership.



16
2/24/2005          8:15:26
050005389          DEED TX  %

P A I D

1.65

SCR  2  of  2